

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
12/05/2007

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| **In re** | § | **Case No. 06-32451-H4-13** |
| | § | |
| **CONRAD HENCE,** | § | |
| | § | |
| *Debtor* | § | **Chapter 13** |
| | § | |

**MEMORANDUM OPINION ON DEBTOR'S OBJECTION TO PROOF OF CLAIM OF
INDIAN CAVE PARK PARTNERSHIP**

## I.      Introduction

This contested matter is between Conrad Hence (the Debtor) and Indian Cave Park Partnership (Indian).  Indian is the holder and owner of a promissory note and deed of trust lien on the Debtor's homestead.  The Debtor objects to the amount of Indian's claim.

## II.     Findings of Fact

1.      On August 18, 2006, the Debtor filed his Amended Plan (the Plan).  [Docket No. 26.]

2.      On August 20, 2006, Indian filed an Objection to Confirmation of Plan of August 18, 2006 (the Plan Objection).  [Docket No. 28.]  Indian objected on several grounds, one of which was that the Plan did not provide for interest on the arrearages at 18% per annum.

3.      On September 11, 2006, this Court held a hearing on the Plan Objection.

4.      On September 25, 2006, this Court announced its ruling overruling the Plan Objection and recited its Findings of Fact and Conclusions of Law into the record.  On this same date, the Court confirmed the Plan.  [Docket No. 44.]

5.      On October 4, 2006, Indian filed a Motion under Rule 9023 requesting that this Court reconsider its ruling confirming the Plan. [Docket Nos. 49, 50.][1]  In this Motion, Indian asserted, among other things, that this Court had erred in denying Indian 18% interest on the arrearages.

6.      On October 12, 2006, Indian filed its Proof of Claim (the Proof of Claim, or the Claim). [Proof of Claim No. 10.]  In this Proof of Claim, which was signed by Indian's attorney, Sterling A. Minor (Minor), Indian claims that it is owed $123,169.06, and that this claim is a fully secured claim.  The figure of $123,169.06 includes (a) interest of 18% per annum on the arrearages;[2] and (b) postpetition attorney's fees incurred by Indian totaling $3,796.20.[3] At no time during this Chapter 13 case has Indian ever filed any pleading seeking this Court's approval for recovery of the postpetition attorney's fees of $3,796.20 from this Chapter 13 estate.

7.      On December 20, 2006, this Court issued a Memorandum Opinion on (1) Indian Cave Partnership's Objection to Confirmation of Plan of August 18, 2006; and (2) Indian Cave Partnership's Motion Under Rule 9023 Confirmation of Plan of August 18, 2006 (the

---

[1] It appears that Indian mistakenly filed its Rule 9023 Motion twice at docket numbers 49 and 50.

[2] Attached to the Proof of Claim is a sheet containing the words "From the Desk of . . . Sterling Minor, Esq." This sheet shows handwritten calculations done by Minor determining the amount of interest on the arrearages using a rate of 18% per annum.  The total amount is $128.05.

[3] Attached to the Proof of Claim are Minor's timesheets and invoices, reflecting that Indian has incurred total fees and expenses of $4,801.20.  Of this figure, the services rendered and expenses incurred during the bankruptcy have a value of $3,796.20 ($46.20 is the total of the expenses, with the remaining $3,750.00 representing attorney's fees; hereinafter, the Court will simply refer to the amount of $3,796.20 as the total attorney's fees).  Attached to this Memorandum Opinion as Exhibit A are the postpetition fees, as recorded on Minor's timesheets and invoices.  Attached to this Memorandum Opinion as Exhibit B are the prepetition fees and expenses, as recorded on Minor's timesheets and invoices; these fees and expenses total $1,005.00.

December 20 Opinion). [Docket No. 57.] Among other things, this Court held that Indian is not entitled to an interest rate of 18% on the arrearages.

8.      Additionally, on December 20, 2006, this Court signed an Order (1) Overruling Indian Cave Partnership's Objection to Confirmation of Plan of August 18, 2006; and (2) Denying Indian Cave Partnership's Motion Under Rule 9023 Confirmation Plan of August 18, 2006 (the December 20 Order). [Docket No. 58.]

9.      On December 29, 2006, Indian filed a Notice of Appeal of the December 20 Order to the District Court. [Docket No. 61.]

10.     On January 30, 2007, Indian's appeal was docketed in the District Court and assigned Civil Action Number 4:07cv0098. [Docket No. 68.]

11.     On April 20, 2007, the Honorable Nancy F. Atlas, United States District Judge, issued a Memorandum and Order affirming this Court's December 20 Opinion. [District Court Docket No. 13.] District Judge Atlas expressly held that "The Bankruptcy Court's decision that Indian Cave is not entitled to 18% interest on arrearages is correct and affirmed."

12.     Additionally, on April 20, 2007, District Judge Atlas signed the Final Judgment relating to her Memorandum and Order. [District Court Docket No. 14.]

13.     On May 21, 2007, Indian appealed District Judge Atlas's ruling to the Fifth Circuit. [District Court Docket No. 15.]

14.     On October 10, 2007, the Debtor filed its Objection to Proof of Claim of Indian Cave Park and in the Alternative Motion to Reconsider Claim Amount Under Section 502(j) (the Objection). [Docket No. 85.] The Objection objects to the Proof of Claim because it

includes attorney's fees that are excessive, unreasonable, and unnecessary, and which this Court has not approved.

15. On October 23, 2007, Indian filed a Response to the Objection.  [Docket No. 86.]

16. On October 23, 2007, this Court issued a Scheduling Order setting forth that a hearing on the Objection would be held on November 26, 2007.  [Docket No. 87.]

17. On November 5, 2007, the Fifth Circuit affirmed District Judge Atlas' ruling of April 20, 2007.  [Fifth Circuit No. 07-20400.]  The Fifth Circuit expressly stated that "[b]ased on the language of the note and deed of trust, we conclude that the bankruptcy court did not err in its determination as to payment of interest on the arrearage."

18. On November 26, 2007, this Court held a hearing on the Objection.  The Court inquired of both counsel whether either of them wanted to adduce any testimony, and both responded in the negative; both stated that they believed only legal arguments needed to be presented. Counsel for the Debtor also stated that in the wake of the Fifth Circuit's ruling, the Debtor now objected to Indian's Proof of Claim not only because it includes unapproved postpetition attorney's fees, but also because the figure is calculated using an interest rate of 18% per annum on arrearages.

## III.   Conclusions of Law

### A. Jurisdiction and Venue

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This contested matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A),[4] 157(b)(2)(B), and 157(b)(2)(O).  Venue is proper pursuant to 28 U.S.C. § 1408(b).

### B. The Merits of the Objection

#### 1. Burden of proof

To defeat a claim, a debtor must come forward with sufficient evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proof of claim itself. *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998); *In re Armstrong*, 320 B.R. 97, 104 (Bankr. N.D. Tex. 2005).  If a debtor produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *Id.*

In the case at bar, the Debtor objects to Indian's Proof of Claim on two grounds: (1) it includes unapproved postpetition attorney's fees that are excessive, unreasonable, and unnecessary;[5]

---

[4] Although this Court has confirmed the Debtor's Plan, the estate is still in existence because the Plan states that: "Property of the estate shall vest in the debtors upon entry of the discharge order."  Because the Debtor in the case at bar has not yet received his discharge, the estate still exists.  Accordingly, unlike a typical Chapter 11 case, where the estate no longer exists upon confirmation of a plan, here, even though a plan has been confirmed, the estate is still in place.  28 U.S.C. § 157(b)(2)(A) states that a core proceeding includes "matters concerning the administration of the estate."  In the case at bar, the amount of Indian's Proof of Claim is a matter concerning the administration of the estate.

[5] The Objection itself objects to the fees for two reasons: (1) they are excessive, unreasonable, and unnecessary; and (2) those fees relating to postpetition services have not been approved by this Court.  The Court, for reasons set forth in this Memorandum Opinion, focuses only on the postpetition fees (see exhibit A) and the fact that Indian has never obtained this Court's approval to recover postpetition fees from this Chapter 13 estate.  Because the Court holds that the postpetition fees are per se unreasonable, and therefore unrecoverable, due to the failure of Indian to have obtained this Court's approval for recovery of these fees, the Court does not need to address whether the postpetition fees are excessive, unreasonable, and unnecessary.  With respect to the prepetition fees and expenses, based upon the emphasis that the Debtor's counsel placed on the Debtor's objection to postpetition fees, it appears to this Court that the Debtor

and (2) it includes interest on arrearages using a per annum interest rate of 18%.[6] The evidence from

the Debtor is that Indian has failed to file an application under Bankruptcy Rule 2016 to obtain this

Court's approval of the postpetition fees, and that the Fifth Circuit has issued a ruling affirming the

District Court's affirmance of this Court's ruling that interest on arrearages may not be calculated

at a rate of 18% per annum.  Indian does not dispute that it has never filed a Rule 2016 application,

nor does it dispute that the Fifth Circuit has issued a ruling affirming the District Court's ruling.

Under these circumstances, this Court finds that the Debtor has produced sufficient evidence to

negate any facts in the Proof of Claim relating to (1) postpetition fees; and (2) interest amounts on

arrearages where the rate is 18%.  Therefore, the Court finds that the burden reverts to Indian to

prove the validity of its claim for these two particular categories.  *Id.*

### 2. Indian's argument that the Debtor is estopped from objecting to the Proof of Claim due to Bankruptcy Local Rule 3021(c) has no merit.

Indian first argues that the Debtor is estopped from objecting to Indian's Proof of Claim.

Indian bases this argument on Bankruptcy Local Rule 3021(c), which is entitled "Payments by

Chapter 13 Trustee."  In total, Rule 3021(c) states that:

---

is really not challenging the prepetition fees.  Indeed, a review of Minor's prepetition timesheets (reproduced in relevant part on exhibit B) reflects that Minor's services involved the usual and customary services rendered in preparing foreclosure documents, and the value of these services appears reasonable in any event.

[6] As already noted, the Debtor's written Objection is based solely on the unapproved attorney's fees.  As of the date the Debtor filed the Objection, the Fifth Circuit had not yet issued its ruling on Indian's appeal of the District Court's order affirming this Court's ruling that Indian was not entitled to an interest rate of 18% on the arrearages. However, by the date of the November 26, 2007 hearing on the Objection, the Fifth Circuit had issued its order affirming the District Court's order.  At the hearing, counsel for the Debtor informed the Court that in the wake of the Fifth Circuit's ruling, the Debtor also objected to the Proof of Claim's use of an 18% interest rate on arrearages.  Given that Indian itself placed the 18% interest rate into issue when it objected to the Plan, and had appealed this particular issue to the District Court and then to the Fifth Circuit, Indian could hardly argue that it was surprised by the Debtor's oral objection.  Indeed, Indian's counsel made no such argument.  Indian's counsel did, however, make other arguments at the hearing as to why the Objection, both written and oral, should be denied, and this Memorandum Opinion addresses these arguments.

Payments on claims that are filed shall be reserved in the amount payable under the plan until the filed claim is an allowed claim. The deadline for filing objections to filed claims is 25 days after the proof of claim deadline. ***If no objection is filed by the deadline, the claim is an allowed claim and should be paid in accordance with the plan.*** Nothing in this rule precludes the reconsideration of the allowance of a claim pursuant to § 502(j) of the Bankruptcy Code. (emphasis added).

In the case at bar, the deadline for filing proofs of claims was October 12, 2006 [Docket No. 13]; therefore, the deadline for filing objections to claims was 25 days after October 12, 2006—i.e., November 6, 2006. There is no dispute that the Debtor did not object to Indian's Proof of Claim by November 6, 2006. Accordingly, Indian asserts—citing the italicized language above—that its Proof of Claim is an allowed claim that must be paid in accordance with the Plan.

The Court agrees that the Debtor did not object to Indian's Proof of Claim by the deadline of November 6, 2006, and that therefore Bankruptcy Local Rule 3021(c) makes Indian's Claim an allowed claim that should be paid in accordance with the Plan. The Court disagrees, however, that the Debtor is now barred from objecting to Indian's Proof of Claim. As the last sentence of Bankruptcy Local Rule 3021(c) clearly states, "[n]othing in this rule precludes the reconsideration of the allowance of a claim pursuant to § 502(j) of the Bankruptcy Code." Bankruptcy Local Rule 3021(c) does not estop the Debtor from challenging Indian's claim. Rather, the issue is whether the Court should reconsider the allowed amount of Indian's Claim under § 502(j).

### 3. The Debtor has shown cause under § 502(j) for this Court to reconsider Indian's Claim and reduce it in part.

Section 502(j), in pertinent part, states that: "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." In construing this particular provision, the Fifth Circuit has emphasized two points. First, the Fifth Circuit has stated that:

7

The bankruptcy court has power to reconsider the allowance or disallowance of proofs of claim "for cause." 11 U.S.C. § 502(j); Bankruptcy Rule 3008. As the Advisory Committee Note to Bankruptcy Rule 3008 evidences, *the bankruptcy court's discretion in deciding whether to reconsider a claim is virtually plenary*, as the court may decline to reconsider without a hearing or notice to the parties involved. If reconsideration is granted, the court may readjust the claim in any fashion "according to the equities of the case." 11 U.S.C. § 502(j).

*Colley v. Nat'l Bank of Texas* (*In re Colley*), 814 F.2d 1008, 1010 (5th Cir. 1987) (emphasis added).

Second, the Fifth Circuit has stated that:

The court's broad discretion should not, however, encourage parties to avoid the usual rules for finality of contested matters. Bankruptcy Rule 9024 incorporates Federal Rule of Civil Procedure 60 into all matters governed by the Bankruptcy Rules except, inter alia, "the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b)...." We interpret Rule 9024 to provide that, when a *proof of claim has in fact been litigated between parties to a bankruptcy proceeding*, the litigants must seek reconsideration of the bankruptcy court's determination pursuant to the usual Rule 60 standards if they elect not to pursue a timely appeal of the original order allowing or disallowing the claim. The elaboration of Section 502(j)'s requirement of "cause" for reconsideration by the Rule 60 criteria substantially eliminates the "tension with the right of an appeal from an erroneous final order."

*Id.* (emphasis added) (internal citations omitted).

This Court interprets the Fifth Circuit's dual pronouncements in *Colley* to mean that if the parties have not in fact litigated the merits of the proof of claim, then Rule 60 is inapplicable and the bankruptcy court has wide discretion pursuant to § 502(j) to determine whether "cause" exists for reconsidering the allowance of a claim. On the other hand, if the parties have in fact litigated the merits of the proof of claim, then the bankruptcy court must apply Rule 60(b) in determining whether "cause" exists for reconsidering the allowance of a claim.

In the case at bar, the Court finds that the Debtor and Indian have not in fact previously litigated the merits of Indian's Proof of Claim. There is no question that the Debtor did not timely object to Indian's Claim within the 25-day deadline set forth in Bankruptcy Local Rule 3021(c), and therefore Indian's Claim automatically became an allowed claim on November 7, 2006. However, merely because Indian's Claim became an allowed claim by virtue of the Debtor's inaction under Bankruptcy Local Rule 3021(c) does not mean that the claim was, in the Fifth Circuit's words, "in fact litigated." As the Ninth Circuit has noted: "although a claim is 'deemed allowed' if no party in interest objects, such a determination is not final until the conclusion of the case. Proofs of claims themselves are not final judgments giving rise to res judicata, but the bankruptcy court's allowance or disallowance of a proof of claim is a final judgment." *Poonja v. Alleghany Props. (In re Los Gatos Lodge, Inc.)*, 278 F.3d 890, 894 (9th Cir. 2002) (quoting *Siegel v. Fed. Home Loan Mortgage Corp.*, 143 F.3d 525, 529-30 (9th Cir. 1998)). Accordingly, because the Debtor and Indian have not previously in fact litigated the merits of the Proof of Claim, this Court concludes that pursuant to *Colley*, this Court is not required to apply Rule 60(b) but rather has wide discretion, based upon the equities of the case, to determine whether cause exists for reconsidering the allowance of Indian's Claim.

### a. Exercising its discretion, this Court finds that Indian's Claim should be reconsidered and reduced.

Indian asserts that the Debtor has failed to meet his burden of proof for showing that cause exists for reconsideration. This Court strongly disagrees.

### i. 18% Interest on Arrearages.

At the November 26, 2007 hearing, counsel for the Debtor noted that on November 5, 2007—three weeks prior to the date of the hearing—the Fifth Circuit issued its ruling affirming the District Court's affirmance of this Court's December 20 Order holding that Indian is not entitled to use an 18% interest rate on arrearages. Yet, as of November 26, 2007, the figure in Indian's Claim was still derived by using an interest rate of 18% per annum on arrearages. In other words, as of November 26, 2007, Indian's Proof of Claim was in violation of the Fifth Circuit's ruling. If these circumstances do not constitute "cause" for reconsidering the allowance of Indian's Proof of Claim under section 502(j), then "cause" has no meaning.

The conduct of Indian's counsel makes "cause" all the more pronounced, and leads this Court to conclude that, according to the equities of this case, Indian's Claim should be reduced. Minor himself signed the Proof of Claim on behalf of Indian, and Minor himself attached a separate page on his letterhead showing the calculations of the arrearages using a per annum interest rate of 18%. Thus, Minor's own calculations using an 18% interest rate on arrearages have been explicitly prohibited by the Fifth Circuit's ruling. When counsel for the Debtor pointed out this fact at the November 26, 2007 hearing, Minor responded that he was "not yet aware of" the Fifth Circuit's opinion. Minor then stated that the dollar amounts involved were not significant and if the Court wished to "strike the $200.00 . . . prepetition interest at 18%, the Court could then substitute the prepetition interest at the 5.01% set forth in the note, which obviously would be due, or substitute $25.00 [in] late charge[s] for each of the four months for which payments were not made and still come up with $100.00." [Nov. 26, 2007 Hr'g Tr.]

The Court is disheartened by Minor's cavalier response. Counsel for a party has a duty to check the docket to determine the status of any appeal. *See, e.g.*, *In re Anderson*, 330 B.R. 180, 187-88 (S.D. Tex. 2005) (quoting *Warrick v. Birdsell* (*In re Warrick*), 278 B.R. 182, 187 (B.A.P. 9th Cir. 2002)); *Shepherd's Hill Dev. Co., LLC v. RAD Invs., LLC* (*In re Shepherds Hill Dev. Co. LLC*), 316 B.R. 406, 415 (B.A.P. 1st Cir. 2004)*; In re Futronics Corp.*, 53 B.R. 126, 127 (Bankr. S.D.N.Y. 1985) (citing, *inter alia*, *Enerco v. Neary* (*In re Enerco*), 43 B.R. 412 (Bankr. N.D. Tex. 1984)). Minor had a duty to check the Fifth Circuit's docket to determine the status of his client's appeal. Indeed, given the fact that Minor objected to the Plan over its failure to include interest on the arrearages at the 18% interest rate, and given the fact that Minor himself signed and filed Indian's Proof of Claim using the 18% rate even after this Court had held that Indian could not use this rate, it was all the more incumbent on Minor to check the Fifth Circuit's docket.[7] Minor signed the Proof of Claim under penalty of perjury that it is accurate. *See IRS v. Kolstad* (*In re Kolstad*), 928 F.2d 171, 174 n.6 (5th Cir. 1991) ("This is not to detract from the fact that proofs of claim are declared under penalty of perjury . . ."); *In re Young*, Case No. 07-80119, 2007 Bankr. LEXIS 3102, at *6 (Bankr. S.D. Tex. Sept. 7, 2007) ("DiFerrante's proof of claim filed in the most recent bankruptcy case was filed under penalty of perjury."). Yet, after the Fifth Circuit's ruling, the figure set forth in Indian's Proof of Claim could not possibly be accurate. Minor should have been checking the

---

[7] As previously noted, the Fifth Circuit issued its ruling on November 5, 2007—a full three weeks prior to the November 26, 2007 hearing. The Court takes judicial notice of the fact that on the date of decision, the Fifth Circuit Clerk sends copies of opinions to the attorneys of record. Indeed, the Debtor's counsel observed that he had received a copy of the Fifth Circuit's ruling by email "on the day it was entered." Minor stated, "Well, I'm sure he did. I'm saying that I didn't. And don't. I'm not aware of that." [Nov. 26, 2007 Hr'g Tr.] The Court wonders why Minor, after appealing his case all the way to the Fifth Circuit, managed to remain unaware that he had lost his appeal until the November 26, 2007 hearing.

Fifth Circuit's docket to ensure that, if the ruling was adverse to his client, he could quickly amend the Proof of Claim so that the figure did not include interest on the arrearages at 18% per annum.[8]

Under the circumstances described above, the Court concludes that cause exists for, and the equities strongly weigh in favor of, disallowing that amount in the Proof of Claim attributable to the use of an 18% per annum rate on the arrearages. The Court also concludes that Indian must file an amended Proof of Claim that recalculates the amount of the claim without applying an 18% interest rate to the arrearages.

### ii. Unapproved Postpetition Fees

There is a second, independent reason why cause exists to reconsider Indian's Claim. As the Debtor pointed out in the Objection, the Proof of Claim figure of $123,169.06 includes attorney's fees of $4,801.20, of which $3,796.20 were incurred postpetition. The Debtor argues that because Indian has never obtained this Court's approval to recover the postpetition fees of $3,796.20 from the estate, the fees are unrecoverable as a matter of law and therefore may not be included in the Proof of Claim.

Indian responds by first stating that the Debtor has failed to properly raise this issue in the Objection on the grounds that the Objection simply (a) references total attorney's fees of $4,801.20;

---

[8] The Court is also disheartened regarding Minor's comments at the hearing that his use of the 18% rate amounted only to an additional $100.00 and that the Court could simply disregard this amount—suggesting that Minor should not have to amend the Proof of Claim. Minor spent substantial time and money appealing the Plan's failure to include an interest rate of 18% on arrearages, so it is entirely inconsistent for him to say now that the amount relating to this issue is *de minimus*. Moreover, it is not this Court's responsibility—or within this Court's power—to amend a proof of claim by disregarding a portion of the claim. Rather, it is the claimant's duty to amend in order to ensure accuracy. *Anderson 2000, Inc. v. Greenwich Ins. Co.* (*In re Andersen 2000, Inc.*), Case No. 04-14155, 2007 Bankr. LEXIS 3720, at * 15 (Bankr. N.D. Ga. Sept. 28, 2007) ("In this case, if Greenwich's actual loss turns out to be less than its filed claim, it would stand to reason that Greenwich would have a similar obligation to amend its proof of claim to reflect the amount of its actual loss . . ."). In this manner, the Chapter 13 trustee, who makes distributions by relying upon the accuracy of the amounts set forth in the proofs of claim, may properly fulfill his duties. In the case at bar, Minor is an attorney at law who signed the Proof of Claim. One would think he would know better than anyone that the Claim needed to be amended to ensure the accuracy of the figure set forth therein.

and (b) asserts that Indian has not filed a fee application. In other words, because the Debtor did not break out the postpetition fees from the prepetition fees in the Objection, Indian argues that the Debtor has not fairly placed the issue in dispute. The Court finds that this argument is disingenuous. The invoices attached to the Proof of Claim reflect that total fees are $4,801.20, and anyone who does a brief review of the invoices can quickly calculate that the postpetition fees (i.e., those amounts from June 5, 2006 through October 2, 2006) are $3,796.20. For Indian to argue that the Debtor has failed to properly raise this issue is simply incorrect. There is ample case law holding that simple notice pleading is sufficient to properly raise an issue.[9] Accordingly, this Court finds that the Debtor has properly raised this issue.

Indian next argues that even if the Debtor has properly raised the issue, the Debtor is wrong on the merits. According to Indian, the law does not require it to file an application under Bankruptcy Rule 2016 to recover postpetition fees.[10] In support of its position, Indian cites *In re*

---

[9]The Fifth Circuit has held that contested matters, such as the case at bar, are "subject to the less elaborate procedures specified in Bankruptcy Rule 9014." *In re TransAmerican Natural Gas Corp.*, 978 F.2d 1409, 1416 (5th Cir. 1992) (quoting *In re Wood & Locker, Inc.*, 868 F.2d 139, 142 (5th Cir. 1989)). Bankruptcy Rule 9014 does not provide for the automatic application of Bankruptcy Rule 7008 (which incorporates Fed.R.Civ.P. 8); the latter rule applies only if the bankruptcy court so directs. *Id.* In the instant case, the Court did not direct that Rule 7008 would apply, and even if it had, the Fifth Circuit has held that "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *McManus v. Fleetwood Enterprises, Inc.*, 320 F.3d 545, 551 (5th Cir. 2003) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir. 2000)). Simply put, "[t]he function of a complaint is to give the defendant fair notice of the plaintiff's claim and the grounds upon which the plaintiff relies." *Williamson*, 224 F.3d at 434 (citing *Doss v. South Cent. Bell Tel. Co.*, 834 F.2d 421, 424 (5th Cir. 1987)). So long as a plaintiff alleges facts upon which relief can be granted, he does not need to specify the correct legal theory or include any "magic words." *Williamson*, 224 F.3d at 434-35.

[10] It is worth noting that 11 U.S.C. § 506(b) sets forth that an oversecured creditor is entitled to recover its reasonable fees if, among other things, the creditor's loan documents set forth that such fees can be recovered. In the case at bar, Indian's loan documents contain such language. Further, according to the Debtor's Schedule A, Indian's collateral has a value of $148,362.00. Thus, regardless of whether Indian is entitled to the entire amount set forth in its Proof of Claim ($123,169.06), or some lesser amount, there is clearly equity such that Indian is an oversecured creditor, and is therefore entitled to seek recovery of its reasonable postpetition fees. Indeed, even if Indian was not oversecured, Indian would still be able to argue that it is entitled to seek recovery of its reasonable postpetition fees because 11 U.S.C. § 1322(b)(2) prohibits a Chapter 13 plan from modifying the rights of the holder of a lien on solely real property that is the debtor's principal residence (which are the facts in the case at bar). Accordingly, the issue is not whether Indian is entitled to seek to recover its reasonable postpetition fees. The question is whether Indian is entitled to recover them

*Schlehr*, 290 B.R. 387 (Bankr. D. Mont. 2003). The Court strongly disagrees that this case supports Indian's position.

In *Schlehr*, the creditor was the Educational Credit Management Corporation (ECMC). ECMC filed four proofs of claim, all of which were entirely unsecured claims. These claims included certain collection costs. The Trustee objected to these claims, arguing that the collection costs should be disallowed because ECMC failed to file an application pursuant to Rule 2016. The bankruptcy court rejected this argument by noting that: (1) "the evidence is uncontroverted that ECMC's collection costs in these cases do not include attorney's fees or costs, either for inside counsel or outside counsel," *Id.* at 396; (2) "[t]he issue of attorney's fees and costs is simply not before the Court in the instant cases," *Id.* at 397; (3) ECMC was authorized to assess collection costs by a specific federal statute, namely, 20 U.S.C. § 1091a, *Id.* at 398; (4) 34 C.F.R. § 682.410(b)(2) imposed no limit on what these costs could total, *Id.*; (5) 34 C.F.R. § 30.60 provided the formula for ECMC to allocate its collection costs, *Id.* at 397-98; and (6) Rule 2016(a) applies to ***postpetition*** fees and costs, whereas all of ECMC's collection costs were ***prepetition*** costs, thereby causing the court to state that "If the Court were to accept the Trustee's argument and disallow ECMC's collection costs based upon Rule 2016(a), it would fail to give effect to the requirements of 20 U.S.C. § 1091a(b)(1) and 34 C.F.R. §§ 30.60 and 682.410(b)(2) to allow ECMC's ***prepetition collection costs*** computed under valid federal statute and regulations." *Id.* at 398 (emphasis added).

In sum, both the facts and the holding in *Schlehr* do not come within hailing distance of being apposite to the facts and applicable law in the case at bar. Here, Indian, a fully secured creditor, has

---

by merely attaching invoices to the Proof of Claim or whether a Rule 2016 application must be filed and approved by the Court.

asserted a claim for postpetition fees of $3,796.20, whereas ECMC, an entirely unsecured creditor, asserted no claim for postpetition fees; rather, ECMC claimed only prepetition costs that had nothing to do with attorney's fees. Moreover, ECMC's claim for these prepetition costs was based upon express federal statutes and a specific federal regulation, because ECMC is a guaranty agency under the Higher Education Act of 1964. *Id.* at 391. In the case at bar, Indian is a private lender for which no specific federal statute or federal regulation applies with respect to recovery of fees and costs. Under these circumstances, Indian's reliance on *Schlehr* is wholly misplaced. Indian, like any other private lender who wants to recover postpetition attorney's fees from the estate, is bound by Bankruptcy Rule 2016.

Bankruptcy Rule 2016(a), titled "Application for Compensation or Reimbursement," states that:

> An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor, except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required. ***The requirements of this subdivision shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor*** or other entity. Unless the case is a chapter 9 municipality case, the applicant shall transmit to the United States trustee a copy of the application.

Fed. R. Bankr. P. 2016(a) (emphasis added).

This Rule leaves no doubt that Indian, as a creditor in this case, must file an application with the detail described in the Rule—and obtain approval from this Court—in order to receive reimbursement from the Debtor's Chapter 13 estate for postpetition attorney's fees. Indian has never even filed such an application, much less obtained this Court's approval.

This Court, and other courts, have expressly held that a creditor's failure to file an application for postpetition fees under Rule 2016(a) means that, as a matter of law, any such postpetition fees are per se unreasonable. *In re Sanchez*, 372 B.R. 289, 304-05 (Bankr. S.D. Tex. 2007); *In re Jones*, 366 B.R. 584, 594-95 (Bankr. E.D. La. 2007); *In re Padilla*, 2007 WL 2264714, at *6 (Bankr. S.D. Tex. Aug. 3, 2007). Because Indian has attempted to collect postpetition attorney's fees without filing a Rule 2016(a) application and obtaining court approval, the Court concludes that any postpetition fees included in Indian's Proof of Claim are per se unreasonable and must be disallowed. The Court therefore concludes that Indian must also amend its Proof of Claim to remove the postpetition attorney's fees in the amount of $3,796.20.

All in all, this Court, exercising its discretion, finds that the Debtor has met his burden of proof in establishing that: (a) cause exists under § 502(j) to reconsider Indian's Claim; and (b) Indian's Proof of Claim should be reduced by $3,796.20 (the amount of the postpetition fees), and by $128.05 (the amount derived by multiplying the arrearages times 18% per annum).

**b. Even if this Court is incorrect in holding that the parties have not in fact previously litigated the merits of Indian's Proof of Claim, the Debtor nevertheless has met his burden under Rule 60(b) by showing that cause exists under § 502(j) to reconsider the claim.**

Indian asserts that because the Debtor failed to timely object to its Proof of Claim pursuant to Bankruptcy Local Rule 3021(c), its Claim became an allowed claim as if the parties had actually

litigated the allowance of the Claim.  Indian then asserts that the only avenue available to the Debtor to establish cause under § 502(j) is to carry the burden of proof under Fed. R. Civ. P. 60(b).  This Court disagrees that the Debtor and Indian have actually litigated the allowance of Indian's Claim, and therefore this Court disagrees that Rule 60(b) applies.  However, if this Court is incorrect, the Court nevertheless finds that the Debtor has satisfied his burden of proof under either Rule 60(b)(3) or Rule 60(b)(5).[11]

The Fifth Circuit has held that for a party to prevail under Rule 60(b)(3), the party must establish that (1) the adverse party engaged in fraud or other misconduct; and (2) this misconduct prevented the moving party from fully and fairly presenting his case.  *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005).  The moving party has the burden of proving the misconduct by clear and convincing evidence, and the "rule should be liberally construed."  *Id.*

In *MMAR Group, Inc. v. Dow Jones & Co., Inc.,* 187 F.R.D. 282 (S.D. Tex. 1999), the District Court discussed the broad definition of "misconduct" under Rule 60(b)(3).  Specifically, the Court stated that:

> "Misconduct," as used in Rule 60(b)(3), does not require a showing of "nefarious intent or purpose as a prerequisite to redress."
>
> For the term ["misconduct"] to have meaning in the Rule 60(b)(3) context, it must differ from both "fraud" and "misrepresentation."  Definition of this difference requires us to take an expansive view of "misconduct."  The term can cover even accidental omissions—edgewise it would be pleonastic, because "fraud" and "misrepresentation" would likely subsume it.  We think such a construction not overly harsh; it takes scant imagination to conjure up discovery responses which, though made in good faith, are so ineptly researched or lackadaisical that they deny the opposing party a fair trial.  Accidents—at least avoidable ones—should not be immune from the reach of the rule.  ***Thus, we find ourselves in agreement with the***

---

[11] Among other things, Rule 60(b) requires that a motion be filed "within a reasonable time."  The Court finds that the Objection was filed within a reasonable time.

*Fifth Circuit that, depending upon the circumstances, relief on the ground of misconduct may be justified "whether there was evil, innocent or careless, purpose."*

*Id.* at 285 (emphasis added) (internal citations omitted).

Given this expansive definition, the Court finds that in the case at bar, Minor's conduct, which is attributed to Indian, his client,[12] constitutes misconduct under Rule 60(b)(3). After this Court ruled that the 18% rate could not be used, Minor signed and filed Indian's Proof of Claim using an interest rate of 18% on the arrearages. Minor then appealed this Court's ruling on behalf of Indian; the District Court affirmed this Court's ruling; but Minor failed to amend the Proof of Claim to remove the 18% interest rate. Minor then appealed the District Court's ruling; the Fifth Circuit affirmed the District Court's ruling; but Minor again failed to amend the Proof of Claim to remove the 18% interest rate.[13] Minor also signed and filed Indian's Proof of Claim asserting that Indian is entitled to postpetition fees of $3,796.20, even though Minor never filed a Rule 2016 application and never obtained this Court's approval of those fees. Minor's actions assuredly fall within the broad definition of "misconduct" under Rule 60(b)(3). Thus, the first element for prevailing under Rule 60(b)(3) has been established.

---

[12] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993); *Phillips ex rel. Estate of Fullingham v. First Nat'l Bank of Weatherford*, 258 F.Supp.2d 501, 506 n.8 (N.D. Tex. 2002) (citing *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1418 (5th Cir. 1995))

[13] It is worth noting that Minor never obtained a stay of this Court's order pending appeal, nor did he obtain a stay of the District Court's order pending appeal. Thus, during the entire appeal, the Proof of Claim remained on the claims docket with a figure that was calculated using an interest rate on arrearage of 18% per annum—a figure expressly prohibited by both this Court and the District Court. Minor's actions constituted violations of both the rulings of this Court and the District Court, and therefore either court could have found him to have been in civil contempt. *See Brown v. Braddick*, 595 F.2d 961, 964-65 (5th Cir. 1979) ("Since Braddick failed to ask the district court for a stay pending appeal and to post supersedeas bond as required by F.R.C.P. 62(d), the district court retained power to enforce its order by civil contempt proceedings. . . .the crucial issue in civil contempt proceedings, as distinguished from criminal contempt is not . . . state of mind but simply whether the Court's order was in fact violated.").

18

With respect to the second element, the Court finds that Minor's misconduct prevented the Debtor from fully and fairly presenting the Debtor's case. By failing to file a Rule 2016 application, Minor attempted to avoid a hearing that would give the Debtor—and this Court and any other creditor and party-in-interest—the opportunity to determine the reasonableness of the postpetition fees that he made part of the Claim.[14] Thus, Indian obtained its allowed claim unfairly; this is precisely why Rule 60(b)(3) exists. *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place Inc.*, 62 F.3d 767, 772 (5th Cir. 1995) ("The purpose of the rule is to afford parties relief from judgments which are unfairly obtained, not those which may be factually incorrect."); *In re Vioxx Products,* 489 F. Supp. 2d 587, 595 (E.D. La. 2007) ("Whether or not the ultimate result of the trial would have been different is irrelevant, as Rule 60(b)(3) 'is aimed at judgments which were unfairly obtained, not those which are factually incorrect.'").

With respect to the 18% interest issue, the Debtor did have a chance to present his case when Indian objected to the Plan—and indeed, the Debtor prevailed on this issue. The problem is that Indian, through its attorney Minor, refused to recognize that the Debtor prevailed: Minor proceeded to file the Proof of Claim using the 18% rate and has never amended the Claim even after the Fifth Circuit issued its ruling. Accordingly, Minor's misconduct has forced the Debtor to relitigate the interest rate issue, which is just as unfair—if not more unfair—as preventing the Debtor from fully and fairly litigating the fee issue. Under these circumstances, the Court concludes that the two

---

[14] This Court has previously held that one of the major roles of Rule 2016 is to allow bankruptcy courts to determine the reasonableness of fee applications. *See In re Sanchez*, 372 B.R. at 304-05.

19

elements required under Rule 60(b)(3) are satisfied by clear and convincing evidence and therefore this Court may reduce the allowed amount of Indian's Claim.[15]

In the alternative, even if this Court is incorrect about its conclusion concerning Rule 60(b)(3), the Court concludes that grounds exist under Rule 60(b)(5) to reduce Indian's allowed claim. Rule 60(b)(5) allows a court to relieve a party from a final judgment or order when "it is no longer equitable that the judgment should have prospective application." FED R. CIV. P. 60(b)(5). The Supreme Court has stated that "[t]he Rule encompasses the traditional power of a court of equity to modify its decree in light of changed circumstances." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 441 (2004). The Fifth Circuit has held that the two requirements for obtaining relief from a judgment under Rule 60(b)(5) are that: (1) the judgment has prospective application; and (2) it is no longer equitable that it should so operate. *Kirksey v. City of Jackson*, 714 F.2d 42, 43 (5th Cir. 1983).

In the case at bar, there is no question that the first element is met. The Proof of Claim has prospective application because under the Plan, the Chapter 13 Trustee will make payments to Indian in months 15 through 57 and will use the amount in the Proof of Claim to make these distributions. Because the Plan was confirmed on September 25, 2006, the first payment due to Indian is December 25, 2007 (i.e., in month 15 of the Plan). If the amount in the Proof of Claim is incorrect—which it is—then the Trustee will be making an incorrect distribution to Indian unless Indian's Claim is amended so that the allowed Claim is correct.

---

[15] Even if Minor's forcing the Debtor to relitigate the 18% interest rate issue does not squarely fit within the second element of Rule 60(b)(3), there is no doubt that the fee issue does clearly satisfy the second element. It is worth noting that the amount of the postpetition fees is $3,796.20, whereas the amount of interest calculated at 18% per annum is $128.05. Thus, of the aggregate amount at stake ($3,924.25), the fees represent 96.7%.

The second element is also easily satisfied.  Given the Fifth Circuit's recent ruling and Minor's continued failure to conform the Proof of Claim to the ruling, and, additionally, given Minor's failure to obtain approval of postpetition fees by filing a Rule 2016 application, this Court concludes that it is not equitable that the amount of $123,169.06 set forth in the Proof of Claim be the allowed claim for Indian in this case.  Rather, this Court concludes that Indian's allowed claim must be reduced by postpetition fees ($3,796.20), and the amount derived by multiplying the arrearages times 18% per annum ($128.05).

For all of the reasons set forth above, this Court concludes that even if Rule 60(b) applies, the Debtor has met his burden; therefore, this Court will sustain the Debtor's Objection and order that Indian reduce its Proof of Claim by the sum of $3,796.20 plus $128.05—or, $3,924.25.

## IV. Conclusion

The amount set forth in the Proof of Claim may not be calculated using an interest rate of 18% per annum on arrearages. Nor may the amount set forth in the Proof of Claim include unapproved postpetition attorney's fees, which are per se unreasonable because no approval from this Court was obtained. Accordingly, Indian must amend the Proof of Claim so that the amount conforms to these two rulings. An order consistent with this Memorandum Opinion will be entered on the docket simultaneously with the entry of this Memorandum Opinion. Because Indian's counsel at the close of the November 26, 2007 hearing emphasized Indian's desire for this Court to expeditiously resolve the Objection so that Indian could receive a distribution from the Chapter 13 Trustee in month 15 of the Plan, this Court wants Indian, within seven days from the date of the entry on the docket of the accompanying order, to file an amended Proof of Claim that comports with this Court's ruling.

Signed on this 5th day of December, 2007.

Jeff Bohm
U.S. Bankruptcy Judge

22

Exhibit A - Postpetition Fees of Sterling A. Minor

| Date | Description | Charges | Amount |
|------|-------------|---------|--------|
| 6/5/2006 | Prepare deed and other documents for actual foreclosure process. | .9 hr | $225.00 |
| 6/5/2006 | Check whether Hence has filed bankruptcy. Email Suzan Monsen. | .4 hr | $100.00 |
| 6/6/2006 | Telephone call with Suzan Monsen on meaning of Chapter 13 filing. She to send insurance notice. | .3 hr | $75.00 |
| 6/12/2006 | Receive and forward insurance information to Reese Baker. | .2 hr | $50.00 |
| 6/15/2006 | Receive and review Hence's Chapter 13 Plan. | .9 hr | $225.00 |
| 6/19/2006 | Email and then telephone call with Suzan on Peake's request for information. | .4 hr | $100.00 |
| 6/20/2006 | Review information Suzan supplied to Peake's office. | .2 hr | $50.00 |
| 6/22/2006 | Receive, review and note dates for meeting of creditors and plan confirmation. | .3 hr | $75.00 |
| 7/10/2006 | Telephone call with Suzan Monsen on status. | .1 hr | $25.00 |
| 7/14/2006 | Attend creditor's meeting. | .8 hr | $200.00 |
| 8/17/2006 | Receive and review proposed wage order, as Hence's response to Trustee's Motion to Dismiss. Prepare objection to plan; file and serve. | .8 hr | $200.00 |
| 8/18/2006 | Receive signed wage order. Receive and review amended Income Statement and amended Plan. Review local rules. | .5 hr | $125.00 |
| 8/19/2006 | Locate and review Specific local procedures for Chapter 13 debtors in dealing with homestead mortgage. | .4 hrs | $100.00 |
| 8/21/2006 | Attend Hence hearing: continued to 9/11. | 1.6 hrs | $400.00 |
| 9/10/2006 | Preparation for hearing on Hence plan; legal research on Texas law of usury; making exhibit notebooks (1.5 hrs, charged as .5). | 1.8 hrs | $450.00 |
| 9/11/2006 | Attendance at hearings on our objection to Hence's Plan. | 2.4 hrs | $600.00 |
| 9/25/2006 | Attend court announcement of decision. | .7 hr | $175.00 |
| 10/2/2006 | Obtain and review transcript of court's decision. Legal research in preparation for filing motion to reconsider. | 2.3 hrs | $575.00 |
| 10/2/2006 | Obtain transcript of court's ruling on objection to confirmation. | 1 @ $46.20 each | $46.20 |
| 10/4/2006 | Prepare Motion to reconsider decision under Rule 9023. No charge until final resolution. | 4.1 hrs = $1,025.00 | $0.00 |
| | | **Total** | $3,796.20 |

Exhibit B - Prepetition Fees of Sterling A. Minor

| Date | Description | Charges | Amount |
|------|-------------|---------|--------|
| 3/20/2006 | Prepare initial documents.  Email to Ms. Monsen. | | $500.00 |
| 3/27/2006 | Filing fee for Substituted Trustee. | | $20.00 |
| 4/18/2006 | Email to Ms. Monsen on whether payment has been made.  Prepare letter to taxing authorities. | .8 hr | $200.00 |
| 4/20/2006 | Receive email response, mail letters, check online for federal tax or other liens on property, and email response on next steps to take to Ms. Monsen. | .6 hr | $150.00 |
| 5/9/2006 | Email from and to Suzan on insurance. | .1 hr | $25.00 |
| 5/11/2006 | Courier to post Foreclosure Notice. | | $10.00 |
| 5/12/2006 | Prepare documents for posting foreclosure. | .4 hr | $100.00 |
| | | **Total** | $1,005.00 |